UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCE PAYROLL FUNDING, LTD., | ) | CASE NO. 1:07CV675 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| ADMINISTRATIVE STAFFING | ) | INTERIM REPORT AND |
| RESOURCES, L.L.C., et al., | ) | RECOMMENDATION OF |
| | ) | MAGISTRATE JUDGE |
| Defendants. | ) | |
| | ) | |

On July 18, 2007, the Honorable Peter C. Economus referred the above case to the undersigned for a Report and Recommendation on Plaintiff Advance Payroll Funding, Ltd.'s (Plaintiff) motion for default judgment and to determine whether this Court has subject matter jurisdiction over the case. ECF Dkt. #9. Subsequently, Judge Economus narrowed the issue for the undersigned's Report and Recommendation to the issue of subject matter jurisdiction only. For the following reasons, the undersigned recommends that the Court find that it has subject matter jurisdiction over the instant case.

I.  **FACTUAL ALLEGATIONS**

On March 8, 2007, Plaintiff filed a "Complaint to Compel Arbitration and to Stay Lawsuit" in this Court. ECF Dkt. #1. Plaintiff alleges in its complaint against Defendants that on or about June 17, 2005, Defendant Brian Hulsey (Hulsey) executed a Master Factoring Agreement (Agreement) in both his individual capacity and as President of Administrative Staffing Resources L.L.C. (ASR). ECF Dkt. #1 at 3. Under the Agreement, Hulsey and ASR

agreed to sell, and Plaintiff agreed to buy, certain accounts receivable of ASR. *Id*. Plaintiff alleges that Hulsey and ASR have breached certain obligations, terms and provisions of the Agreement, which has resulted in litigation in Texas, the residence of Hulsey and the principal place of business of ASR. *Id*. at 4, *citing Landry Marks Partners LP v. Administrative Staffing Resources, L.L.C., et al.*, which is currently pending in the District Court of Dallas County, Texas, in Cause Number 06-12716-D (*Landry Marks* case).

In its complaint before this Court, Plaintiff seeks to enforce the terms of an arbitration clause in the Agreement by requesting an Order compelling arbitration and staying any claims or defenses Plaintiff, Hulsey or ASR may have against one another in the the *Landry Marks* case. ECF Dkt. #1 at 4. The Arbitration, Jurisdiction and Venue Provision in the Agreement states:

> 12.5 Arbitration, Jurisdiction and Venue. Purchaser shall have the right to have any dispute or disagreement between the parties arising out of or relating to this Agreement, or the transactions or relationships contemplated hereby, resolved by arbitration under the commercial arbitration rules then obtaining of the American Arbitration Association, by a single arbitrator, selected by both Purchaser and Seller, which arbitration shall be conducted in Cuyahoga County, Ohio, where Purchaser has its principal offices and where Purchaser has accepted this Agreement and will perform its obligations hereunder. The AAA arbitrator's decision shall be final and binding, and any court of competent jurisdiction may enter judgment upon the award in accordance with applicable law. The parties acknowledge and agree that resolution of any dispute or disagreements by arbitration is at the sole and exclusive option of Purchaser.

ECF Dkt. #1, Exhibit C at 4.

On July 17, 2007, Plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF Dkt. #7. On July 18, 2007, the Honorable Judge Economus referred the instant motion to the undersigned and also ordered the undersigned to submit a Report and Recommendation as to whether this Court has subject matter jurisdiction

over the case. ECF Dkt. #9. The Court thereafter clarified its order of reference and ordered that the undersigned address only the issue of whether the amount in controversy in this case meets the requirement for diversity jurisdiction.

On July 30, 2007, the undersigned held a hearing with Attorneys Jennifer Monty and Stephen Santangelo appearing on behalf of Plaintiff. ECF Dkt. #9. At the hearing, the undersigned ordered Plaintiff to file a post-hearing brief on the issue of subject matter jurisdiction and the amount in controversy requirement. On August 8, 2007, Plaintiff filed a post-hearing brief briefly addressing the amount in controversy requirement but mainly providing supplementation to its motion for summary judgment on the arbitration issue. ECF Dkt. #10.

## II.    STANDARD OF REVIEW

Although neither party has raised this issue, this Court must *sua sponte* dismiss a case in which it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *Davis v. Customized Transp. Inc.*, 854 F.Supp. 513, 517 (N.D.Ohio,1994), citing *Billingsley v. C.I.R.,* 868 F.2d 1081, 1085, (9th Cir.1989); Wright and Miller § 1393, at 772-73 (1990) . Since federal courts are courts of limited jurisdiction, given only the power authorized by the United States Constitution and federal statutes, the plaintiff bears the burden of showing that subject matter jurisdiction exists in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Moir v. Greater Clev. Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

28 U.S.C. § 1332 provides that federal courts have original jurisdiction when there exists a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. *See Gabhart v. Cocke County, Tenn*. 155

Fed.Appx. 867, *871, 2005 WL 3196601, at **4 (6th Cir. 2005).  The amount in controversy is determined at the time of the filing of the lawsuit and cannot be divested by subsequent actions that may reduce the claim below the threshold.  *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Worthams v. Atlanta Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976).  Moreover, "the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount."  *Klepper*, 916 F.2d at 340, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

### III.    ANALYSIS

In its complaint, Plaintiff bases subject matter jurisdiction upon the Federal Arbitration Act (FAA), but acknowledges that the FAA does not create an independent basis for federal jurisdiction.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32 (1983).  Plaintiff therefore also alleges that subject matter jurisdiction is proper because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00.  ECF Dkt. #1 at 2.  In its post-hearing brief in support of meeting the diversity amount in controversy requirement, Plaintiff merely points out the paragraph of its complaint alleging that the amount in controversy exceeds the sum or value of $75,000.00 and uses the rest of the brief to supplement its motion for summary judgment relating to the motion to compel arbitration and to stay the *Landry Marks* lawsuit.   ECF Dkt. #10 at 4.  Plaintiff does not provide further explanation or support for its amount in controversy allegation.

Nevertheless, upon review of the complaint in this case, as well as the complaint against both Plaintiff and Hulsey and ASR in the *Landry Marks* case, the undersigned recommends that

the Court find that the amount in controversy requirement is met.  Landry Marks, the Plaintiff in the *Landry Marks* case, is suing the instant Plaintiff and Defendants for the alleged fraudulent transfer of $2,676,000 from Landry Marks to Plaintiff on behalf of Defendant ASR, and for fraudulent and negligent misrepresentation by Plaintiff to Landry Marks relating to the alleged fraudulent accounts receivable for which it paid $2,676,000.00. ECF Dkt. #1, Exhibit B at 10-13.  Landry Marks also made allegations of unjust enrichment and aiding and abetting fraud against the instant Plaintiff.  *Id.* at 12-13.

At the hearing before the undersigned, counsel for Plaintiff explained that the amount in controversy was the $2,676, 000.00 requested in the Landry Marks complaint as Landry Marks was requesting that money back based upon allegations of fraud, misrepresentation and other claims against both the instant Plaintiff and Defendants.  Counsel for Plaintiff in this case explained that the face of the complaint in this case, coupled with the Agreement and the complaint filed by Landry Marks more than meets the $75,000.00 diversity jurisdiction amount in controversy requirement.

The undersigned agrees.  In order to determine the amount in controversy requirement where the claim is one for non-monetary relief, such as an action to compel arbitration, "courts determine the amount in controversy by looking through to the amount of the possible award in the underlying arbitration." *MJR Intern., Inc. v. American Arbitration Ass'n,* No. 02:06-CV-937, 2007 WL 1101250, at *2 (S.D.Ohio Apr. 11, 2007), citing *Hampbell v. Alphagraphics Franchising,* 779 F.Supp. 910, 912 (E.D.Mich.1991).   Here, looking at the face of the instant complaint to compel arbitration, which indicates more than $75,000.00 is at stake, as well as the Agreement and the complaint by Landry Marks in Texas which involves allegations of fraud and

misrepresentation totaling $2,676,000.00 against the instant Plaintiff and Defendants, the undersigned believes that the amount in controversy requirement has been met.

Since Plaintiff in this case has sufficiently shown that the diversity requirement of exceeding $75,000.00 has been met, the undersigned recommends that the Court find that it has subject matter jurisdiction based upon the diversity of citizenship statute.

## IV.     CONCLUSION

For the above reasons, the undersigned recommends that the Court find that it has subject matter jurisdiction over the instant case based upon diversity of jurisdiction as the amount in controversy requirement has been met.

Date: August 21, 2007                                      *s/George J. Limbert*
                                                           George J. Limbert
                                                           United States Magistrate Judge


_____ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).